## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIAMOND KETCHENS**, <br><br> *Plaintiff,* <br><br> *v.* <br><br> **VERIZON PENNSYLVANIA LLC.**, <br><br> *Defendant.* | **CIVIL ACTION NO.:** _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Diamond Ketchens ("Plaintiff"), by and through her undersigned attorneys, brings this action for damages against Defendant, Verizon Pennsylvania LLC. ("Defendant" or "Verizon") and alleges the following:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").

2.      Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of her personal identifiable information ("PII") to open a Verizon phone account ("Account") in her name and without her knowledge or consent.

3.      Plaintiff is a "consumer" and Verizon is a "furnisher of information" as those terms are defined by, and/or otherwise used in, the FCRA.

4.      As set forth below, Verizon permitted and facilitated the opening of the Account and, further, failed to conduct reasonable reinvestigations when it received repeated notices from Experian Information Solutions, Inc. ("Experian") and TransUnion Corporation ("TransUnion"), both consumer reporting agencies.  Verizon's actions, or inactions, violated the FCRA.  The Account, and Experian's reporting of the Account, were inaccurate.

5.      As set forth below, Plaintiff suffered concrete harm as a result of Verizon's violations of the FCRA.

## JURISDICTION, AND VENUE

6.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

7.      Defendant consents to personal jurisdiction because Defendant registered to do business as a foreign corporation in the Commonwealth of Pennsylvania.  *See* 15 Pa. Cons. Stat. § 411(a); 42 Pa. Cons. Stat. §5301(a)(2)(i).

8.      Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, located at 600 North Second Street, Suite 401, Harrisburg, PA 17101.

9.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

10.      At all times material to this action, Plaintiff, Diamond Ketchens, is and was an adult individual and citizen of the Commonwealth of Pennsylvania residing in Philadelphia, Pennsylvania.

11.      At all times material to this action, Defendant, Verizon Pennsylvania LLC., is and was a Delaware corporation doing business in the Commonwealth of Pennsylvania.

12.      Verizon is a "global communications technology company delivering the promise of the digital world to millions of customers every day".  Verizon is a provider of wireless telephone services.

## FACTUAL ALLEGATIONS

13.      Plaintiff lives, works, and attends school in Philadelphia, Pennsylvania.

14.     She is a music student currently pursuing her Master's Degree.

15.     In 2020, Verizon had Annual Revenue of at least $837.44 million.

16.     Upon information and belief, in early 2020, Plaintiff's PII was stolen and used by a third party to open the Account.

17.     Plaintiff did not authorize the opening of the Account.

18.     Plaintiff has not benefited from the Account.

19.     Verizon did not contact Plaintiff for her consent at the time Verizon opened the Account.

20.     Plaintiff never received any account statements, bills, or other communication from Verizon concerning the Account.

21.     Verizon never called or texted Plaintiff concerning the Account.

22.     Verizon never emailed Plaintiff concerning the Account.

23.     Verizon never advised Plaintiff that the Account had been opened using any of her PII.

24.     In April 2021, Plaintiff first learned of the existence of the Account when she reviewed the Account on a copy of her Experian credit file.

25.     At that time, Verizon was reporting the Account to Experian as delinquent with an approximate balance of $3,500.

26.     Plaintiff was surprised to see the Account being reported by Verizon on her Experian credit file and it caused her to experience aggravation and emotional distress.  Plaintiff lives on a limited budget as a student and her credit history is very important to her.

27.     In May 2021, Plaintiff disputed the Account online with Experian ("First Dispute"). Upon information and belief, Experian notified Verizon of the First Dispute and asked Verizon to undertake an investigation of Plaintiff's dispute in accordance with the FCRA.

28.     On or about May 22, 2021, Experian responded to Plaintiff's First Dispute by refusing to remove the Account from Plaintiff's credit file and, instead, advising her that it was "verified as accurate." Upon information and belief, Verizon advised Experian that Verizon had completed its own investigation of the First Dispute and, as a result, refused to ask Experian to delete the Account from Plaintiff's Experian credit file.

29.     Plaintiff was dismayed to see Verizon's refusal to delete the Account from her credit file and Verizon's refusal caused Plaintiff to experience further aggravation, emotional distress, and fear that her credit history was ruined as a result of Verizon's refusal.

30.     Plaintiff decided to try again to have the Account removed from her credit file and made a second online dispute with Experian ("Second Dispute"). Upon information and belief, Experian notified Verizon of the Second Dispute and asked Verizon to undertake an investigation of Plaintiff's dispute in accordance with the FCRA.

31.     On or about June 2, 2021, Experian responded to Plaintiff's Second Dispute by again refusing to remove the Account from Plaintiff's credit file and, again, continued to report the Account on her credit file. Upon information and belief, Verizon advised Experian that Verizon had completed its own investigation of the Second Dispute and, as a result, refused to ask Experian to delete the Account from Plaintiff's Experian credit file.

32.     Plaintiff was extremely upset, and further emotionally distressed, to see Verizon's second rejection of her attempt to have the inaccurate Account from her credit file. She is not a lawyer and has no legal training and relied on Verizon to follow the law and the FCRA to remove

the Account.  She began to lose hope that Verizon would ever help her and correct its inaccurate reporting of the Account.

33.     On or about July 6, 2021, Plaintiff obtained a copy of her Experian credit file online from Experian's website ("Disclosure").

34.     Experian was not reporting the Account on the Disclosure.

35.     Verizon has never provided Plaintiff with any explanation for why it was not reporting the Account to Experian at the time of the Disclosure.

36.     Experian listed a number of so-called "Inquiries" on the Disclosure ("Inquiries").

37.     The Inquiries are records that Experian made to reflect the dates and parties to whom Experian provided a copy of Plaintiff's consumer report to those parties.

38.     According to the Inquiries that Experian reported on the Disclosure, Experian provided a copy of Plaintiff's consumer report to "CAP ONE NA" on or about June 16, 2021 ("Cap One Inquiry").  Upon information and belief, the Account was included on the copy of Plaintiff's consumer report that Experian provided to "CAP ONE NA."

39.     According to the Inquiries that Experian reported on the Disclosure, Experian provided a copy of Plaintiff's consumer report to "MEFA" on or about May 24, 2021 ("MEFA inquiry").  Upon information and belief, the Account was included on the copy of Plaintiff's consumer report that Experian provided to "MEFA."

40.     Upon information and belief, Verizon reported the Account to Experian after Verizon had already received at least one dispute from Experian concerning the Account and, in response, refused to delete the Account from Plaintiff's Experian credit file.

41.     Plaintiff, feeling increasingly distressed and hopeless about the situation because of Verizon's refusal to delete the Account made a third online dispute with Experian concerning

the Account ("Third Dispute").  Upon information and belief, Experian notified Verizon of the Third Dispute and asked Verizon to undertake an investigation of Plaintiff's dispute in accordance with the FCRA.

42.     On or about August 22, 2021, Experian responded to Plaintiff's Third Dispute by again refusing to delete the Account.  Experian did not notify Plaintiff that it deemed her Third Dispute to be frivolous.  Upon information and belief, Verizon advised Experian that Verizon had completed its own investigation of the Third Dispute and, as a result, refused to ask Experian to delete the Account from Plaintiff's Experian credit file.

43.     Plaintiff was, understandably, exponentially more distressed, angry, and dismayed by Verizon's continued refusal to comply with the FCRA and delete the inaccurate Account.

44.     Verizon's continued reporting of the Account to Experian, as set forth above, made it appear that Plaintiff was responsible for the Account and had not timely paid it when, in fact, it was not hers at all.

45.     Upon information and belief, Verizon's investigations of the First, Second, and Third Disputes were substantially similar and were not tailored to Plaintiff's particular situation or dispute history.

46.     Verizon did not call Plaintiff to inquire further about the Account.

47.     Upon information and belief, Verizon did not call Experian to inquire further about the Account.

48.     Upon information and belief, Verizon did the absolute bare minimum it possibly could have to respond to the Disputes.

49.     Upon information and belief, Verizon spent less than fifteen (15) minutes investigating Plaintiff's First Dispute.

50.     Upon information and belief, Verizon spent less than fifteen (15) minutes investigating Plaintiff's Second Dispute.

51.     Upon information and belief, Verizon spent less than fifteen (15) minutes investigating Plaintiff's Third Dispute.

52.     Upon information and belief, Verizon did not incur any specific expenses directly attributable to its handling of Plaintiff's Disputes.

53.     Upon information and belief, there were no legal or practical reasons that Verizon could not have spent more time and money reinvestigating Plaintiff's Disputes than it actually did especially given its extraordinary financial resources.

54.     As a result of Verizon's violations of the FCRA, Plaintiff has suffered, and continues to suffer, emotional distress, aggravation, loss of enjoyment of life, fear, sleeplessness, hopelessness, despair, concern about her ability to keep or obtain student loans, concern about her ability to obtain other credit she may need as she starts her life and career following obtaining her Master Degree, credit denials, lowered credit scores, inconvenience, loss of her valuable time that could be spent pursuing her studies or other interests, and frustration.

55.     As a result of Verizon's violations of the FCRA, Plaintiff was required to retain legal counsel to assist her after she gave Verizon the opportunity to comply with its obligations under the FCRA and help her and it refused to do so.

56.     After she retained legal counsel, Plaintiff sent another dispute to Experian concerning the Account and included a police report ("Fourth Dispute").

57.     Upon information and belief, Experian notified Verizon of the Fourth Dispute and asked Verizon to undertake an investigation of Plaintiff's dispute in accordance with the FCRA.

58.     Unfortunately, Verizon again verified the Account as accurate in response to the Fourth Dispute.

59.     After she retained legal counsel, Plaintiff sent a dispute to TransUnion Corporation ("TransUnion") concerning the Account and included a police report.  ("TransUnion Dispute").

60.     Upon information and belief, TransUnion notified Verizon of the TransUnion Dispute and asked Verizon to undertake an investigation of Plaintiff's dispute in accordance with the FCRA.

61.     Verizon again verified the Account as accurate in response to the TransUnion Dispute.

## COUNT ONE:
### Verizon's Negligent Violations of the FCRA

62.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

63.     Verizon negligently violated the FCRA in at least the following ways: negligently failing to conduct reasonable investigations and/or consider all relevant information with respect to Plaintiff's disputes described above and in violation of 15 U.S.C. § 1681s-2(b)(1).

64.     As a result of Verizon's negligent violations of the FCRA, Plaintiff has been damaged as set forth above.

65.     Verizon is liable to Plaintiff for her damages as set forth above and in an amount to be determined by the Court.

66.     Verizon is liable to Plaintiff for her reasonable attorneys' fees and costs.

## COUNT TWO:
### Verizon's Willful Violations of the FCRA

67.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

68.     Verizon willfully violated the FCRA in at least the following ways: willfully failing to conduct reasonable investigations and/or consider all relevant information with respect to Plaintiff's disputes described above and in violation of 15 U.S.C. § 1681s-2(b)(1).

69.     As a result of Verizon's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

70.     Verizon is liable to Plaintiff for her damages as set forth above and in an amount to be determined by the jury.

71.     Verizon is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

72.     Verizon is liable to Plaintiff for her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests the judgment be entered in her favor and against Verizon for her actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: January 21, 2022

Respectfully submitted,

By: /s/*Max S. Morgan*_____
          Max S. Morgan, Esquire (PA 316096)
          Eric H. Weitz, Esquire (PA 65514)
          THE WEITZ FIRM, LLC
          1528 Walnut Street, 4th Floor

9

Philadelphia, PA 19102
(267) 587-6240
Facsimile (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

John A. Love*
LOVE CONSUMER LAW
2500 Northwinds Parkway
Suite 330
Alpharetta, Georgia 30009
(404) 855-3600
tlove@loveconsumerlaw.com

Seth M. Lehrman*
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
seth@epllc.com

*Pro Hac Vice Forthcoming