IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIAMOND KETCHENS**, *Plaintiff,* v. **VERIZON PENNSYLVANIA LLC,** *Defendant.* | **Case No. 2:22-cv-00270-JDW** |

## MEMORANDUM

Many lawyers view Answers the way that Phil Connors viewed the study of 19th Century French poetry: "a waste of time." Groundhog Day (Columbia Pictures 1993). Rather than investigate and try to tell the other party what it knows, lawyers take the Kelly Kapoor approach with answers. As she put it, "who says exactly what they're thinking? What kind of a game is that"? *The Office: Money* (NBC television broadcast Oct. 18, 2007). But Rule 8 requires more: Parties must admit or deny factual allegations on matters in their control. Defendant Verizon Pennsylvania did not do that here. Verizon's Answer requires a do-over to ensure that Verizon's lawyers do the diligence that Federal Rules of Civil Procedure 8 and 11 require. But Verizon does not need to provide more detail to support most of its affirmative defenses because neither Rule 8 nor this Court's Policies and Procedures requires factual allegations to support an affirmative defense.

I. **BACKGROUND**

On January 21, 2022, Ms. Ketchens filed a complaint against Verizon alleging that someone stole her identity and used her personal information to open a Verizon phone account. She claims that Verizon violated the Fair Credit Reporting Act by permitting the fraudster to open the account and failing to conduct reasonable reinvestigations upon receiving notices from consumer reporting agencies. She filed an Amended Complaint on February 16, 2022. On April 5, 2022, Verizon answered. Many of its responses assert that it "lacks knowledge or information sufficient to form as to the truth of this allegation …." (ECF No. 12 at ¶¶ 13-44.) Verizon also asserts 18 affirmative defenses, including that "the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines" bar Ms. Ketchens' claim. (*Id.* at 9 (Fourth Affirmative Defense).) On April 8, 2022, Ms. Ketchens moved to strike several responsive paragraphs in the Answer and eighteen of the affirmative defenses. Verizon opposed the motion, and it is now ripe for consideration.

II. **LEGAL STANDARD**

A district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13,

2019) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-cv-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019) (quotation omitted). Thus, "[m]otions to strike are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Eddystone Fire*, 2019 WL 6038535, at *3 (quotation omitted).

### III.   ANALYSIS

#### A.   Responses

"A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). On its face, this provision only applies if a party lacks "knowledge" or "information." The Rule has contained those words since the Supreme Court adopted it in 1937. The use of two different words means that they have different meanings. *See T Mobile Ne. LLC v. City of Wilmington, Delaware*, 913 F.3d 311, 321 (3d Cir. 2019); *see also* 2A Sutherland Statutory Construction § 46:6 (7th ed.) ("Different words used in the same, or a similar, statute are assigned different meanings whenever possible") (citations omitted).

The Rule does not define "knowledge" or "information," so the Court gives both words their ordinary meaning at the time of Rule 8's adoption. *See Bostock v. Clayton*

3

*Cnty., Georgia*, 140 S. Ct. 1731, 1738 (2020). Courts "look to dictionary definitions to determine the ordinary meaning of a word." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 306 (3d Cir. 2020) (quotation omitted). "Knowledge" means "familiarity gained by actual experience;" and "information" means "that which is received or obtained through information" including, "facts, etc., ready for communication or use." *Knowledge* and *information*, Webster's New Int'l Dictionary (2d ed. 1937). In other words, when a party states that it lacks knowledge or information, as Verizon does here, it asserts that it lacks both first-hand familiarity of the necessary facts and any facts upon which it reasonably could form a personal belief concerning the truth of the adversary's allegations. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1262 (4th ed. 2022). Anything less, and the party's denial of knowledge fails to meet Rule 8's requirements. In addition, a Party that asserts a lack of knowledge and information is asserting under Rule 11 that it has a good faith basis to make that claim. *See* Fed. R. Civ. P. 11(b); Fed. R. Civ. P. 8 Adv. Comm. Note (2007 Amendment) ("Rule 11 applies by its own terms" to Answers made under Rule 8(b)).

Other courts have reached the same conclusion and struck statements disclaiming knowledge on matters within a party's control. *See, e.g., JPMorgan Chase Bank, N.A. v. Candor Constr. Grp.*, Inc., No. CV 08-3836 (WHW), 2009 WL 10690533, at *2–3 (D.N.J. Jan. 13, 2009); *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446–477 (E.D. Pa. 1973); *see also Am. Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 747 (7th Cir. 1966) ("[A]n

4

answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham."). The Court finds these opinions persuasive.

In its Answer, Verizon states that it "lacks knowledge or information sufficient to form a belief as to the truth of" factual allegations in Ms. Ketchens' Amended Complaint, including:

- Verizon had "Annual Revenue of at least $837.44 million" in 2020 (¶ 15);
- Verizon contacted Ms. Ketchens for her consent when it opened the account (¶ 19);
- Verizon did not advise Ms. Ketchens that the disputed account was opened using "her PII" (¶ 23);
- Experian notified Verizon when Ms. Ketchens' disputed the account and asked Verizon to investigate it (¶ 27);
- Verizon told Experian that it investigated three disputes and "refused to ask Experian to delete" the disputed account (¶¶ 28, 31, 42); and
- Verizon "reported the [disputed account] to Experian" after receiving "at least one dispute from Experian" and refused to delete the disputed account (¶ 40).

When Verizon asserted a lack of knowledge or information about these paragraphs, it represented to the Court under Rule 11(b) that it had a good faith basis for that assertion. But each of these allegations concerns Verizon's revenue or facts about Verizon's conduct. Verizon has enough information in its control to know how much money it made in 2020 and what actions it took. *See JPMorgan*, 2009 WL 10690533, at *3. To the extent Verizon does not have sufficient information to deny portions of each paragraph, it may say so with particularity. Therefore, the Court strikes paragraphs 15, 19, 23, 27, 28, 31, 40, and 42

from the Answer. The Court will permit Verizon to amend its Answer. If Verizon fails to do so, the Court will deem Verizon to have admitted those paragraphs of the Amended Complaint.

The Court will deny the Motion as to Verizon's responses to paragraphs 3 and 45 of the Amended Complaint. In paragraph 3, Ms. Ketchens draws legal conclusions about the FCRA's application to her and Verizon. Verizon's denial of that paragraph is fair; Ms. Ketchens is not entitled to Verizon's legal analysis as part of the pleadings process. Verizon has also denied Ms. Ketchens' allegation in paragraph 45. Maybe Ms. Ketchens disagrees, and maybe she will prove that she's right, but the Court has no basis to fault Verizon for denying, without caveat, a factual assertion because Rule 8(b) permits Verizon to do so.

### B. Affirmative Defenses

Both Parties agree that a defendant only has to provide "fair notice" of an affirmative defense, though they differ on what exactly that means. "Fair notice" requires "[p]roviding knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case." *Savage v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, No. CV 19-6026-KSM, 2020 WL 5602651, at *4 (E.D. Pa. Sept. 18, 2020) (citing *Tyco Fire Prod. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011)). Defenses must be "logically related" to the case. *Griffin v. Don E. Bower, Inc.*, No. CV 3:16-2412, 2017 WL 4310091, at *3 (M.D. Pa. Sept. 28, 2017) (quotation omitted). But a defendant need not

explain "precisely how the issue is implicated" if some set of facts could support it. *Tyco*, 777 F. Supp. 2d at 901.

The Court's Policies and Procedures require nothing more. The Policies and Procedures require Parties to have a "good faith basis" for affirmative defenses and bars Parties from asserting them "prophylactically." Policies and Procedures of Hon. Joshua D. Wolson at § II.A.1 (p.4).[1] This requirement is grounded in Federal Rule of Civil Procedure 11's provision that, by submitting a pleading to the Court, attorneys certify that they have a good faith belief that there is a basis for each assertion. *See* Fed. R. Civ P. 11(b)(2), (3). To determine whether conduct is reasonable under the circumstances, the Court considers whether the attorney had objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact. *See Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 289 (3d Cir. 1991). But requiring a Party to have objective knowledge or belief that a defense is grounded in law and fact does not mean it must affirmatively set forth such facts in its answer.

Verizon has done what is required under the fair notice standard and the Court's Policies and Procedures for affirmative defenses 1–3, 5–18. It provides Ms. Ketchens with fair notice of the issues and appears to have a good faith belief for asserting the defenses based on the facts of the matter. Ms. Ketchens argues that some of Verizon's affirmative

---

[1] Available at http://www.paed.uscourts.gov/documents/procedures/wolpol.pdf.

defenses may not be asserted in FCRA cases. But she cites no binding authority for her argument. Therefore, the Court will not take up these issues on the merits in the context of a motion to strike. To the extent Verizon cannot raise certain defenses, Rule 11 mandates the procedure for Ms. Ketchens to follow to try to persuade Verizon to withdraw those defenses. Verizon may also assert that Ms. Ketchens fails to state a claim for relief because the "Federal Rules specifically permit an averment of failure to state a claim to be raised as an affirmative defense." *Savage*, 2020 WL 5602651, at *5 (citation omitted). And Verizon has not waived this defense because it could raise it through a motion for judgment on the pleadings under Rule 12(c).

Affirmative defenses 1 and 3 rest on disputed facts about who opened the account and when. (*See* ECF No. 18 at 6–7.) "[W]here the sufficiency of a defense depends on disputed issues of fact," the Court will not grant a motion to strike. *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 159 (E.D. Pa. 1994). Therefore, the Court denies the Motion with respect to affirmative defenses 1–3, 5–18.

Verizon has not, however, met the standard for its fourth affirmative defense. It states that Ms. Ketchens "is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines." (*See* ECF No. 12 at 9.) This defense appears to be untethered to the facts of this case, particularly to the extent it asserts laches and "other equitable defenses." The Court will

strike this affirmative defense without prejudice. If Verizon has a good faith basis to assert any of the equitable doctrines in this defense, it may do so in an Amended Answer.

## IV. CONCLUSION

Answers come early in the case, and no lawyer wants to do something at the beginning of a case that will waive a defense, estop a client from disputing a fact, or otherwise limit a client's position. Answers serve a real purpose, though. They help frame the issues, including where the parties have factual disputes that require discovery and what defenses a defendant will assert. When a lawyer denies factual allegations—or, just as commonly, claims to lack knowledge to admit or deny a fact—he is attesting that he has a good faith basis to make that claim. And when a lawyer asserts an affirmative defense, he attests to his good faith basis to assert that defense. Verizon's Answer fell short of these requirements in several paragraphs. The Court therefore strikes those responses and the Fourth Affirmative Defense. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 20, 2022